# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

MATTHEW ROBBINS,

Defendant.

No. CR 14-129-MWB

MEMORANDUM OPINION AND
ORDER REGARDING THE
PROSECUTION'S RULE 404(b) AND
609(b)(2) NOTICE AND MOTION IN
LIMINE FOR EVIDENTIARY
RULINGS

*FILED UNDER SEAL*

_____

## TABLE OF CONTENTS

I. INTRODUCTION...........................................................................2
    A. Procedural Background ..........................................................2
    B. Factual Background ..............................................................3
II. LEGAL ANALYSIS .....................................................................8
    A. Applicable Evidentiary Standards ...........................................8
        1. Relevance and prejudice ..................................................8
        2. "Intrinsic" evidence and "bad acts" evidence under
           Rule 404(b) .............................................................10
        3. "Bad acts" evidence under Rule 609 ................................14
        4. Limiting instructions....................................................15
    B. Application Of The Standards................................................16
        1. "Intrinsic" evidence .....................................................16
        2. Rule 404(b) evidence....................................................18
           a. Prior convictions .................................................18
           b. Other "bad acts"................................................21
               i. Possession of a handgun in 1997 and
                   1998 ......................................................21

|  |  | ii. | *Possession of a sawed-off shotgun in 2014* ......................................................... 22 |
|  |  | iii. | *Evidence relating to J.B.* .............................. 23 |
|  |  | iv. | *Evidence of flight* ....................................... 26 |
|  |  | v. | *Evidence relating to Robbins's arrest* ............... 27 |
|  | **3.** |  | **Rule 609 evidence** ....................................... 29 |
| **III.** | **CONCLUSION** .............................................................. 30 |

## I.     INTRODUCTION

### A.   Procedural Background

In a Second Superseding Indictment (docket no. 36), defendant Matthew Robbins is charged with two firearms offenses.  **Count I** charges Robbins with possession of a stolen firearm.  More specifically, this count charges that, from on or about April 18, 2014, through June 3, 2014, Robbins knowingly possessed a stolen firearm, namely, a Kimber .45 caliber handgun, knowing or having reasonable cause to believe that the firearm was stolen, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2).  **Count II** charges Robbins with being a drug user and felon in possession of a firearm.  More specifically, this count charges that, from on or about April 18, 2014, through June 3, 2014, Robbins, then being an unlawful user of methamphetamine and marijuana and having previously been convicted of one or more felony offenses, knowingly possessed the same Kimber .45 caliber handgun charged in **Count I**, in violation of 18 U.S.C. §§ 922(g)(1) and (3) and 924(a)(2).  By Order (docket no. 56), filed March 23, 2015, Chief Judge Linda R. Reade transferred this case to me.  A jury trial on the charges against Robbins is currently set to begin on April 20, 2015, in Cedar Rapids, Iowa.

2

On February 13, 2015, prior to the filing of the Second Superseding Indictment, the prosecution filed its Rule 404(b) And 609(b)(2) Notice And Motion In Limine For Evidentiary Rulings (Prosecution's Evidentiary Motion) (docket no. 32), which is now before me.  In its Evidentiary Motion, the prosecution seeks rulings on the admissibility of various of Robbins's prior convictions and other "bad acts" in the prosecution's case-in-chief or for impeachment purposes, if Robbins testifies.  On March 5, 2015, Robbins filed his Resistance To Government Motion In Limine (docket no. 43), challenging the admissibility of most of the evidence identified by the prosecution and representing, *inter alia*, that he does not intend to testify at his trial.  In its Reply (docket no. 49), filed March 11, 2015, the prosecution replied to parts of Robbins's Resistance, but also raised the issue of the admissibility of evidence that Robbins possessed another stolen firearm after April 18, 2014.  On March 18, 2015, Robbins filed a Supplemental Memorandum In Support Of Defendant's Resistance To [Prosecution's Evidentiary Motion] (docket no. 52), directing my attention to the March 18, 2015, decision of the Eighth Circuit Court of Appeals in *United States v. Turner*, ___ F.3d ___, 2015 WL 1222274 (8th Cir. March 18, 2015), as clarifying the standards for admissibility pursuant to Rule 404(b).

### B.   *Factual Background*

Defendant Robbins has a long history of criminal convictions punishable by more than one year of imprisonment.  The prosecution asserts that, interleaved among his many convictions, Robbins also engaged in numerous other "bad acts," including conduct that is intrinsic evidence of the charged offenses.  I find it appropriate to summarize the factual background relevant here in terms of a timeline of events, beginning with the earliest of Robbins's prior convictions or "bad acts" at issue in this case.  This timeline is drawn from the Second Superseding Indictment, the prosecution's representations in its Evidentiary Motion, and Robbins's representations in his Resistance.  In this timeline,

offenses in **bold** are charged as prior felony convictions in **Count II** of the Second Superseding Indictment; offenses and "bad acts" in *italics* are ones that the prosecution argues are admissible pursuant to Rule 404(b); and offenses and "bad acts" that are underlined are ones that the prosecution argues are admissible pursuant to Rule 609, if Robbins testifies. Some offenses and "bad acts" fall into more than one of these categories; some fall into none of these categories, so that their admissibility is not challenged, they are offered as admissible on other grounds, or they are simply stated here to explain the full factual context of other evidence that is in dispute.

Specifically,

- **On September 6, 1991, Robbins was convicted of Conspiracy to Commit Robbery in the Second Degree, in the Iowa District Court for Linn County, Case No. CRF12462B.**

- On or about June 30, 1994, Robbins and another individual used a pry bar to force entry into the victim's apartment and stole property, including a shotgun, which they took out to their vehicle. When police officers stopped the vehicle, they found a loaded .357 Magnum handgun under Robbins's seat. These events led to Robbins's next two convictions on February 10, 1995.

- ***On February 10, 1995, Robbins was convicted of Burglary in the Third Degree, in the Iowa District Court for Linn County, Case No. FECR3131.***

- ***On February 10, 1995, Robbins was convicted of Dominion and Control of a Firearm as a Felon, in the Iowa District Court for Linn County, Case No. FECR3131.***

- **On March 1, 1995, Robbins was convicted of Operating While Intoxicated, Third Offense, in the Iowa District Court for Linn County, Case No. OWCR5642.**

- *Between 1997 and 1998, Robbins possessed a Sig Sauer 9mm pistol, model P 226, bearing serial number U559117. Between November 1997 and August 13, 1998, Robbins and others built a firing range in the basement of Robbins's house and repeatedly fired this handgun in the homemade firing range.*

- **On December 4, 1998, Robbins was convicted of Possession with Intent to Deliver a Controlled Substance, to wit: Marijuana, in the Iowa District Court for Linn County, Case No. FECR26734.**

- **On August 29, 2007, Robbins was convicted of Operating While Intoxicated, Third Offense, in the Iowa District Court for Linn County, Case No. OWCR70560.**

- **On August 29, 2007, Robbins was convicted of Attempt to Elude, in the Iowa District Court for Linn County, Case No. OWCR70560.**

- **On April 4, 2013, Robbins was convicted of Operating While Intoxicated, Third Offense, in the Iowa District Court for Linn County, Case No. OWCR098955.**

- Robbins represents that he was incarcerated for a total of 6 years, between 1991 and 2013, on these prior convictions, and that his incarceration on the 1995 offenses ended in 1997.

- On or about April 18, 2014, Robbins and B.L. burglarized a house in Cedar Rapids, Iowa, and stole two firearms, the Kimber .45 caliber handgun, serial number K389332, charged in the two counts of the Second Superseding Indictment, and a Sig Sauer Model C-3 .45 caliber pistol, serial number GS66096.

- *In late May 2014, Robbins and others purchased methamphetamine from J.B. at a local strip bar. A few hours later, Robbins allegedly lured J.B. to his rental home in rural Ely, Iowa, ostensibly to purchase more methamphetamine, but then Robbins and others used a sawed-off shotgun that Robbins possessed to rob methamphetamine and cash from and to kill J.B. Robbins and others disposed of and concealed J.B.'s body, removed carpet, other furniture, and "nearly everything else not nailed down" from Robbins's rental home, burned those furnishings in a large fire, and attempted to clean the walls and other surfaces of the rental home with bleach and other cleaners. J.B.'s body has not been found.*

- *The prosecution represents that it has evidence that Robbins possessed a sawed-off shotgun in 2014, within the timeframe of the charged offenses, including evidence from witnesses who saw him with it, saw it in his house, or saw him shooting it outside of his house.*

- On June 3, 2014, law enforcement officers investigating the disappearance of J.B. searched the home of D.B., one of Robbins's girlfriends, where Robbins was staying at the time. During the search, officers found defendant and D.B. in bed together with drug use paraphernalia in the bedroom and elsewhere in the house. In a closet, officers found a loaded Kimber .45 caliber handgun, which was one of the firearms that had been

stolen during the burglary in April 2014, and the one charged in the two counts of the Second Superseding Indictment.

- Shortly after the search of D.B.'s residence, Robbins fled to Texas. At the time of his flight, Robbins knew or likely knew the following: (1) that law enforcement officers had found the stolen Kimber firearm in D.B.'s residence; (2) that his possession of that firearm was a crime, because of his prior felony convictions, including a prior felon-in-possession offense; and (3) that he was likely a suspect or would soon be a suspect in the burglary in April 2014 and in J.B.'s murder in May 2014.

- After fleeing to Texas, Robbins requested that a girlfriend send him his passport.

- On June 11, 2014, law enforcement officers searched Robbins's rental home, but Robbins had moved out of the home a few days before, after burning the furnishings. Officers found the gun case for the Kimber firearm outside Robbins's residence.

- At some point, Robbins relocated from Texas to Florida, where he was staying with a different girlfriend, D.A. On July 6, 2014, police responded to a domestic abuse call from the condominium were D.A. and Robbins were staying. Police officers found Robbins in a car outside the condominium, sitting with a hatchet in his lap. Officers arrested Robbins on an outstanding warrant, then observed a marijuana pipe in plain view on the floor of the car and smelled marijuana. Officers also observed a black bag in the car, which Robbins identified as his. Robbins gave the officers permission to open the bag, remarking, "You aren't going to find any gun in it." In the bag, the officers found a purple glass bowl—allegedly a

7

smoking device—containing powdery residue consistent with methamphetamine.

- The prosecution asserts that, if D.A. testifies, it may also seek to admit evidence of other occasions on which Robbins assaulted D.A., including evidence that Robbins held a gun to her head, as relevant to her credibility.

## II. LEGAL ANALYSIS

I will begin my analysis by summarizing the standards for admissibility of evidence implicated by all or a majority of the categories of evidence at issue.

### A. Applicable Evidentiary Standards

The prosecution asserts that most of the evidentiary issues in this case involve either Rule 404(b) or Rule 609(b)(2) of the Federal Rules of Evidence. I will also consider relevance and prejudice standards under Rules 401 and 403, because Rules 403, 404(b), and 609(b)(2) all have as their basis or as a component of admissibility a balancing of probative value versus prejudice. *See* FED. R. EVID. 403, 404, and 609; *see also Batiste–Davis v. Lincare, Inc.*, 526 F.3d 377, 380 (8th Cir. 2008) (noting that one requirement for admissibility of "bad acts" evidence under Rule 404(b)—"whether the probative value exceeds the unfair prejudice"—is "an analysis equivalent to that in Rule 403").

#### 1. Relevance and prejudice

Rule 401 of the Federal Rules of Evidence defines relevant evidence as evidence that "(a) . . . has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Rule 402 provides that relevant evidence is generally admissible, but irrelevant evidence is

8

not. Rule 403 provides for exclusion of even relevant evidence on various grounds, as follows:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

FED. R. EVID. 403. The Eighth Circuit Court of Appeals "give[s] great deference to the district court's Rule 403 determinations." *United States v. Battle*, 774 F.3d 504, 514 (8th Cir. 2014); *United States v. Muhlenbruch*, 634 F.3d 987, 1001 (8th Cir. 2011) ("We review the district court's decision not to exclude evidence under Rule 403 for an abuse of discretion."); *United States v. Myers*, 503 F.3d 676, 681 (8th Cir. 2007) ("Under Rule 403, district courts have broad discretion to assess unfair prejudice, and are reversed only for an abuse of discretion." (citing *United States v. Henderson*, 416 F.3d 686, 693 (8th Cir. 2005), *cert. denied*, 546 U.S. 1175 (2006))).

More specifically, as to Rule 403, the Eighth Circuit Court of Appeals has explained,

> [U]nder Rule 403, the [challenged evidence's] probative value must be *substantially* outweighed by *unfair* prejudice. "Evidence is not unfairly prejudicial because it tends to prove guilt, but because it tends to encourage the jury to find guilt from improper reasoning. Whether there was unfair prejudice depends on whether there was an undue tendency to suggest decision on an improper basis." *United States v. Farrington*, 499 F.3d 854, 859 (8th Cir. 2007) (quotations omitted).

*Muhlenbruch*, 634 F.3d at 1001 (emphasis in the original); *Myers*, 503 F.3d at 681 ("Rule 403 'does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to a party's case. The rule protects against evidence that is unfairly prejudicial, that is, if it tends to suggest decision on an improper basis.'" (quoting *Wade*

9

*v. Haynes*, 663 F.2d 778, 783 (8th Cir. 1981), *aff'd sub nom. Smith v. Wade*, 461 U.S. 30 (1983)). The Advisory Committee Notes to Rule 403 explain that a decision on an "improper basis" is "commonly, though not necessarily, an emotional one." FED. R. EVID. 403, Advisory Committee Notes; *see also United States v. Bell*, 761 F.3d 900, 912 (8th Cir. 2014) (same). Unfairly prejudicial evidence, inviting a decision on an improper basis, includes evidence that is "'so inflammatory on [its] face as to divert the jury's attention from the material issues in the trial.'" *United States v. Adams*, 401 F.3d 886, 900 (8th Cir. 2005) (quoting *United States v. Shoffner*, 71 F.3d 1429, 1433 (8th Cir. 1995)); *accord United States v. Young*, 753 F.3d 757, 768-69 (8th Cir. 2014) ("[T]he district court violated Federal Rule of Evidence 403 because the testimony was so inflammatory that its resulting unfair prejudice outweighed its probative value.").

## 2. *"Intrinsic" evidence and "bad acts" evidence under Rule 404(b)*

Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," FED. R. EVID. 404(b)(1), but "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). By its express terms, Rule 404(b) applies not just to criminal convictions, but to uncharged crimes, wrongs, and other "bad acts." FED. R. EVID. 404(b). Thus, Rule 404(b) "allows evidence of uncharged crimes, wrongs, or acts to be admitted for certain limited purposes, but only if the prosecution provides notice in advance of trial of its intent to use such evidence." *United States v. Shores*, 700 F.3d 366, 370 (8th Cir. 2012); FED. R. EVID. 404(b)(2) (stating the notice requirement). The Eighth Circuit Court of Appeals has stated that "'[t]he terms of Rule 404(b) draw no distinction between prior and subsequent acts that would support different analyses, . . . nor have we applied different analyses to evaluate the admission of prior and subsequent

10

acts.'" *United States v. McGilberry*, 620 F.3d 880, 886 (8th Cir. 2010) (quoting *United States v. Thomas*, 593 F.3d 752, 759 (8th Cir. 2010)).

Rule 404(b) pertains only to "distinct" wrongful acts, however. *See, e.g., United States v. Campbell*, 764 F.3d 880, 888 (8th Cir. 2014). The rule does not apply to "res gestae" or "intrinsic" evidence, which "is 'evidence of wrongful conduct other than the conduct at issue . . . offered for the purpose of providing the context in which the charged crime occurred.'" *Id.* (quoting *United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006); *United States v. Thomas*, 760 F.3d 879, 883 (8th Cir. 2014) (explaining that "'Rule 404(b) applies only to extrinsic, not intrinsic, evidence.'" (quoting *United States v. Young*, 753 F.3d 757, 770 (8th Cir. 2014)). Further,

> "Such evidence is admitted [to] … complete [ ] the story or provide[ ] a total picture of the charged crime." [*Johnson*, 463 F.3d at 808] (quotation omitted). Unlike evidence admitted under Rule 404(b), . . . intrinsic evidence relates to crimes that are "so blended or connected with the ones on trial as that proof of one incidentally involves the others." *United States v. Luna*, 94 F.3d 1156, 1162 (8th Cir.1996) (quotation omitted).

*Campbell*, 764 F.3d at 888; *Thomas*, 760 F.3d at 884 (explaining that "intrinsic" evidence also "help[s] 'explain[ ] the circumstances [of a charged offense] [and] is . . . an integral part of the immediate context of the crime charged.'" (quoting *United States v. Fleck*, 413 F.3d 883, 890 (8th Cir. 2005)). "Intrinsic evidence" may also "implicate the defendant in other acts or crimes." *Thomas*, 760 F.3d at 884. Although Rule 404(b) does not apply to "intrinsic" evidence, such evidence might still be excludable pursuant to Rule 403. *See United States v. Hall*, 604 F.3d 539, 544 n.8 (8th Cir. 2010) (explaining that "intrinsic" or "res gestae" evidence was relevant under Rule 401 and that relevance was not substantially outweighed by any unfair prejudicial effect, but citing *United States v. Sudeen*, 434 F.3d 384, 389 (5th Cir. 2005), as indicating that Rule 403 "should

11

*generally* not be used to exclude intrinsic evidence, because intrinsic inculpatory evidence is by its very nature prejudicial" (emphasis in *Hall*)).

As to "distinct" acts evidence to which Rule 404(b) properly applies, the Eighth Circuit Court of Appeals has explained,

> For evidence of a prior conviction to be admissible, the party seeking to admit the evidence must show it is "(1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect." *United States v. Trogdon*, 575 F.3d 762, 766 (8th Cir.2009) (quotation omitted); *see* Fed.R.Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice…."). Although Rule 404(b) excludes propensity evidence lacking an admissible purpose, we consider the rule one of inclusion. *United States v. Molina*, 172 F.3d 1048, 1054 (8th Cir.1999). We review the admission of evidence of prior convictions for abuse of discretion and will reverse that ruling "only if it is clear that the evidence admitted had no bearing on any material issue and was offered solely to prove the defendant's criminal propensity." *[United States v.] Peoples*, 250 F.3d [630,] 638 [(8th Cir.2001)].

*United States v. Turner*, ___ F.3d ___, ___, 2015 WL 1222274, *9 (8th Cir. March 18, 2015).

In *Turner*, to which Robbins draws my particular attention, the Eighth Circuit Court of Appeals clarified the necessary showing for admissibility of "bad acts" evidence pursuant to Rule 404(b), as follows:

> [T]he government, as the proponent of the evidence, must be prepared to show a permissible purpose for admission of the prior conviction. . . . Simply asserting—without explanation—that the conviction is relevant to a material issue such as intent or knowledge is not enough to establish its

12

admissibility under the Federal Rules. *See United States v. Mothershed*, 859 F.2d 585, 589 (8th Cir.1988) ("We consider 404(b) a rule of inclusion…. But this does not mean that all such evidence is admissible simply on invocation of the Rule." (quotation and internal citation omitted)); *United States v. Miller*, 673 F.3d 688, 696 (7th Cir.2012) ("Rule 404(b) does not provide a rule of automatic admission whenever bad acts evidence can be plausibly linked to 'another purpose,' such as knowledge or intent, listed in the rule."). Even under an inclusive view of Rule 404(b), a prior conviction is admissible only if certain requirements are met: It must be relevant in the particular case and it cannot be impermissible propensity evidence. *See* Rule 404(b)(1), (2) (providing that evidence of prior bad acts "may be admissible for another purpose," but it is "not admissible" to prove criminal propensity); *see also Old Chief v. United States*, 519 U.S. 172, 181, 117 S.Ct. 644, 136 L.Ed.2d 574 ("'Although … propensity evidence is relevant, the risk that a jury will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment—creates a prejudicial effect that outweighs ordinary relevance.'" (quoting *United States v. Moccia*, 681 F.2d 61, 63 (1st Cir.1982) (Breyer, J.)) (internal quotation marks omitted)); *Miller*, 673 F.3d at 697 (explaining that trial judges "must balance the relevance of the proposed use of the evidence … against the high risk that the evidence will also … [establish] propensity to commit the charged crime").

Before evidence of a prior conviction is admitted, the district court should ask why the government seeks to admit it. . . . If the only answer to th[is] question[ ] is that his prior conviction (i.e., wrongdoing) shows he intended to commit another wrongdoing (i.e., the [charged conduct]), then the evidence shows nothing more than criminal propensity and under Rule 404(b)(1) is inadmissible. *See Mothershed*, 859 F.2d at 589. If, on the other hand, the government offers a

13

relevant, non-propensity purpose for the evidence, the court should then determine whether admission of that evidence is nevertheless substantially more prejudicial than probative. Only if these types of questions are asked, and adequately answered, can the district court determine whether evidence of prior bad acts, including prior convictions in drug cases, may be admitted pursuant to Rule 404(b) or whether it must be excluded because it is offered solely to prove criminal propensity or is substantially more prejudicial than probative. *See [United States v.] Pierson*, 544 F.3d [933,] 940 [(8th Cir.2008)]; Fed.R.Evid. 403.

*Turner*, ___ F.3d at ___, 2015 WL 1222274 at *10.

I find that it is often the case that the determinative factor for admissibility pursuant to Rule 404(b) is the balancing of probative value against potential prejudice. *Turner*, ___ F.3d at ___, 2015 WL 1222274 at *9 (listing relevant factors to determine admissibility pursuant to Rule 404(b), including whether the "bad acts" evidence is "higher in probative value than prejudicial effect"). I recognize that "[w]here the extrinsic act is extremely similar to the crime at issue, evidence of the act will usually be rendered irrelevant only by 'an enormous lapse of time.'" *United States v. Thomas*, 593 F.3d 752, 758 (8th Cir. 2010) (quoting *United States v. Anifowoshe*, 307 F.3d 643, 647 (7th Cir. 2002), and citing *United States v. Drew*, 894 F.2d 965, 970 (8th Cir.), *cert. denied*, 494 U.S. 1089 (1990), as referring to such crimes as "signature crimes").

### 3.    *"Bad acts" evidence under Rule 609*

I will consider Rule 609 standards only very briefly, because Robbins represents that he does not intend to testify at his trial. Rule 609 provides, in pertinent part, that evidence of "a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence . . . must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." FED. R. EVID. 609(a)(1)(B). However, "if more

14

than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," the evidence must be more probative than prejudicial, and the proponent of the evidence must give the opposing party written notice, and the opposing party must have "a fair opportunity to contest its use." FED. R. EVID. 609(b). Rule 609 reflects "'the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath.'" *United States v. Collier*, 527 F.3d 695, 700 (8th Cir. 2008) (quoting *United States v. Chauncey*, 420 F.3d 864, 874 (8th Cir. 2005)).

### 4. *Limiting instructions*

When evidence may otherwise be inadmissible, the Eighth Circuit Court of Appeals and the Federal Rules of Evidence recognize that a limiting instruction on the proper uses of that evidence may mitigate potential prejudice from such evidence and allow it to be admitted. *See, e.g, Valadez v. Watkins Motor Lines, Inc.*, 758 F.3d 975, 982 (8th Cir. 2014) ("To the extent [the parties] were concerned about improper prejudice, a limiting instruction would have addressed those concerns." (citing FED. R. EVID. 105)); *United States v. Cowling*, 648 F.3d 690, 699 (8th Cir. 2011) ("Moreover, the risk of unfair prejudice was reduced by a cautionary instruction to the jury, given when the evidence was first admitted."); *United States v. Young*, 644 F.3d 757, 761 (8th Cir. 2011) (concluding that the district court did not abuse its discretion in admitting evidence for the limited purpose set forth in its instruction); *United States v. Walker*, 470 F.3d 1271, 1275 (8th Cir. 2006) ("[A] limiting instruction [concerning proper use of evidence of a prior conviction] diminishes the danger of unfair prejudice arising from the admission of the evidence."); *see also* FED. R. EVID. 105 (requiring a limiting instruction when the court admits evidence for a limited purpose). The court has also recognized that limiting the amount of evidence, while excluding evidence that might prejudicially divert the jury's attention from the issues in the case, also mitigates any potential for

15

unfair prejudice.  *See United States v. Lemon*, 239 F.3d 968, 972 (8th Cir. 2001) (holding that, where the district court admitted a limited amount of gang-related evidence that was relevant to the defendant's "mere presence" defense, but excluded evidence of his drive-by shooting conviction, which might have prejudicially diverted the jury's attention from the constructive possession issues central to the case, the district court had not abused its discretion in admitting the limited gang-related evidence).

## B.        *Application Of The Standards*

I will consider separately and in turn each category of evidence at issue in the Prosecution's Evidentiary Motion.  I begin with evidence that the prosecution asserts is "intrinsic" evidence of the charged offenses.

### 1.        *"Intrinsic" evidence*

The prosecution argues that the evidence of the burglary by Robbins on or about April 18, 2014, in which two firearms were stolen, including the Kimber firearm at issue in the charged offenses and a Sig Sauer .45 caliber pistol, is admissible as "intrinsic" evidence.  The prosecution argues that such evidence directly supports the charges, because it is, in fact, evidence that the Kimber firearm was stolen, that Robbins knew that firearm was stolen, and that Robbins possessed it.  The prosecution argues that the evidence that the Sig Sauer firearm was also stolen in the burglary is inextricably intertwined with Robbins's possession of the Kimber firearm.  In its reply, the prosecution also asserts that it has evidence that Robbins was observed to be in possession of the stolen Sig Sauer firearm, as well as the Kimber firearm, so that such evidence is admissible pursuant to Rule 404(b) to show knowledge and intent to possess the Kimber firearm.  Robbins agrees that evidence regarding the burglary on April 18, 2014, and the theft of two firearms from the burglarized home, is admissible as "intrinsic" to the crimes charged, part of the prosecution's proof of the element of possession of the firearm at

16

issue, and part of the prosecution's proof of Robbins's knowledge that the charged firearm was stolen. He does request a limiting instruction, however, explaining that the jury may consider evidence about the burglary only for the purpose of determining whether he was in possession of the Kimber firearm and whether he knew that it was stolen.

I agree that evidence of the burglary and the theft of the Kimber firearm during that burglary is "intrinsic" evidence. This evidence completes the story or provides a total picture of the charged crime, and it is so blended or connected to the charged crimes that proof of one incidentally involves the other. *See Campbell*, 764 F.3d at 888. Such evidence also helps to explain the circumstances of and is an integral part of the immediate context of the charged crimes. *Thomas*, 760 F.3d at 884. Specifically, that evidence directly proves elements of the charged offenses, specifically, that the Kimber firearm was stolen, that Robbins knew that firearm was stolen, and that Robbins possessed it. Evidence of the theft of the Sig Sauer firearm is also "intrinsic" evidence, in that it completes the story and provides the total picture of the charged crime. *See Campbell*, 764 F.3d at 888.[1]

Robbins does not argue, and I do not find, that such evidence is more prejudicial than probative, so that it might, nevertheless, be excludable pursuant to Rule 403. *See Hall*, 604 F.3d at 544 n.8 (applying a Rule 403 balancing test to "intrinsic" evidence).

---

[1] Even if the Sig Sauer firearm is not, itself, a firearm that Robbins is charged with unlawfully possessing in either count of the Second Superseding Indictment, and if, contrary to my finding in the body of this ruling, it is not "intrinsic" evidence, evidence of the theft and possession of the Sig Sauer firearm would still be admissible pursuant to Rule 404(b). This is so, because theft and possession of one stolen handgun is sufficiently similar to the theft and possession of the charged handgun to demonstrate Robbins's intent and knowledge in possessing the Kimber firearm, and such evidence is not unduly prejudicial. *See Turner*, ___ F.3d at ___, 2015 WL 1222274 at *9-*10; *Thomas*, 593 F.3d at 758.

The fact that such evidence also implicates Robbins in an uncharged burglary does not make it any less admissible as "intrinsic" evidence. *See Thomas*, 760 F.3d at 884. That fact does, however, warrant an appropriate limiting instruction. *See* FED. R. EVID. 105; *Cowling*, 648 F.3d at 699. I always instruct jurors that the defendant is on trial only for the crimes charged in the indictment, not for anything else. I also give an uncharged "bad acts" instruction, when I am aware that such evidence is likely to be presented, which, in this case, would explain that jurors can consider such evidence only for the purpose of determining whether Robbins was in possession of the Kimber firearm and whether he knew that firearm was stolen. In this case, I may also add an instruction—either in the jury instructions that I will provide and read to the jurors prior to any evidence in the case or in an instruction in the course of trial—that, even if there is evidence that Robbins stole or possessed any other firearm besides the Kimber firearm, the jury can only find him guilty of a charged offense if he possessed the Kimber firearm charged in the Second Superseding Indictment.

This part of the Prosecution's Evidentiary Motion is granted, with the caveat that a limiting instruction will likely be given as it relates to the Sig Sauer firearm.

### 2. *Rule 404(b) evidence*
#### a. *Prior convictions*

The prosecution asserts that two of Robbins's many prior convictions are admissible pursuant to Rule 404(b). Those convictions are the two February 10, 1995 convictions that arose from a burglary, on or about June 30, 1994, during which Robbins and another individual used a pry bar to force entry into the victim's apartment and stole property, including a shotgun. The prosecution argues that evidence of these prior convictions is relevant, because Robbins has placed his state of mind at issue, including his knowledge and intent, by pleading not guilty. The prosecution argues that such evidence is relevant to intent and knowledge, because it involved almost identical acts to

18

those leading to Robbins's possession of the stolen Kimber firearm. Indeed, the prosecution argues that prior convictions for burglary and possession of a firearm by a felon are "probative of identity, knowledge, lack of mistake, and intent to possess the firearm as charged." Prosecution's Brief In Support Of Evidentiary Motion at 11. The prosecution also argues that the prior convictions are "similar in kind," because the manner in which Robbins obtained possession of the stolen Kimber handgun in this case is indistinguishable from the way in which he stole a shotgun in 1994, and the burglaries themselves are almost identical. Although the 1995 convictions occurred more than 20 years ago, the prosecution argues that they are not overly remote in time, because of the similarities and because Robbins was incarcerated for at least part of the time between them. As to sufficiency of the evidence of the prior convictions, and avoidance of prejudice, the prosecution asserts that the certified copy of the judgment of conviction and sentence are sufficient, but that, because of the similarity of the circumstances, there is nothing inherently prejudicial about more detail as to these prior convictions. Finally, the prosecution argues that Robbins should not be able to avoid the full impact of this evidence with an "*Old Chief* stipulation."

In his Resistance, Robbins argues that these convictions are so old that they are relatively less probative and more prejudicial. He argues that he was only incarcerated for a maximum of about 6 of the 20 intervening years, so that "recent release" does not enhance the admissibility of such old convictions. If evidence of these convictions is admissible, however, Robbins argues that the prosecution's proposal to limit such evidence to certified copies of the judgments, without introduction of further facts, is appropriate, as is a limiting instruction.

The February 10, 1995, conviction on a felon-in-possession charge is sufficiently similar to the present charge in **Count II** to be probative of Robbins's knowledge that he was not permitted to possess firearms, and not unduly prejudicial for that purpose. *See*

19

*Turner*, ___ F.3d at ___, 2015 WL 1222274 at *9-*10.  This is true, notwithstanding the significant number of years that have elapsed between the 1995 felon-in-possession conviction and the currently charged offenses, where Robbins now faces an essentially identical charge.  *See Thomas*, 593 F.3d at 758 (explaining that "[w]here the extrinsic act is extremely similar to the crime at issue, evidence of the act will usually be rendered irrelevant only by 'an enormous lapse of time.'" (quoting *Anifowoshe*, 307 F.3d at 647)).  Evidence of this prior conviction is admissible.  Even so, the probative value of this prior conviction is its nature as a conviction for a "felon-in-possession-of-a-firearm offense," not the precise factual circumstances of this prior offense.  Thus, only the judgment of conviction concerning this prior offense is admissible.  *Turner*, ___ F.3d at ___, 2015 WL 1222274 at *9 (considering the sufficiency of proof of the prior conviction).

There is no "burglary" charge at issue in the Second Superseding Indictment, however, so that the prior "burglary" conviction is similar only to the *circumstances* from which the present charges allegedly arose, not to a *charged offense*.  *Compare Thomas*, 593 F.3d at 758 (explaining that "[w]here the extrinsic act is extremely similar to the *crime* at issue, evidence of the act will usually be rendered irrelevant only by 'an enormous lapse of time.'" (quoting *Anifowoshe*, 307 F.3d at 647 (emphasis added here)).  The prosecution may *wish* to prove that Robbins stole the Kimber firearm at issue, for example, to demonstrate his knowledge that the Kimber firearm was, in fact, stolen, an element of the "possession of a stolen firearm" offense in **Count I**.  The prosecution is not *required* to prove that Robbins stole the Kimber firearm, as an element of either of the charged offenses, however.  I conclude that evidence of a prior burglary conviction, where burglary is not a charged offense, is more prejudicial than probative, inviting a mini-trial on the circumstances of the prior conviction, confusion of the issues, and, perhaps most importantly, inviting the jurors to convict Robbins on the ground that he is a recidivist burglar, rather than on proof of the charged offenses.  *See* FED. R. CIV. P.

20

403 and Advisory Committee Notes (explaining that prejudice outweighs probative value if the evidence invites a decision on an "improper basis"); *Turner*, ___ F.3d at ___, 2015 WL 1222274 at *9 (the last factor relevant to admissibility pursuant to Rule 404(b) is a balance of probative value against prejudice); *Batiste–Davis*, 526 F.3d at 380 (noting that one requirement for admissibility of "bad acts" evidence under Rule 404(b)—"whether the probative value exceeds the unfair prejudice"—is "an analysis equivalent to that in Rule 403"); *Bell*, 761 F.3d 912 (describing prejudicial evidence as inviting a decision on an "improper basis"). Evidence of the February 10, 1995, conviction for "burglary" is not admissible pursuant to Rule 404(b).

### b. Other "bad acts"

#### i. Possession of a handgun in 1997 and 1998

The prosecution seeks to introduce pursuant to Rule 404(b) evidence that, between 1997 and 1998, Robbins possessed a Sig Sauer 9mm pistol, model P 226, bearing serial number U559117. The prosecution also seeks to admit evidence that, between November 1997 and August 13, 1998, Robbins and others built a firing range in the basement of Robbins's house and repeatedly fired the Sig Sauer handgun in that homemade firing range. The prosecution argues that this evidence, which it represents will come in through witnesses who saw Robbins with the handgun, goes to identity, intent, and knowledge and helps to establish Robbins's dominion and control over the gun as charged in this case. Robbins argues that this evidence is remote in time and has not already been proved to a jury to the same standard of proof as a prior conviction, which makes it less probative and more prejudicial. He also argues that his intent and motive are not elements of the charged offenses and, even if somehow relevant, this evidence of handgun possession almost two decades earlier will not show his motive and intent in 2014. Robbins also seems to suggest that the prosecution's justification for the admissibility of this evidence lacks the sort of specificity required by *Turner*.

I tend to agree with Robbins that the prosecution's explanation of why this evidence should be admitted is too conclusory to satisfy the requirements of Rule 404(b) as clarified in *Turner*, ___ F.3d at ___, 2015 WL 1222274 at *9-*10. The prosecution's request to admit evidence of Robbins's possession of a handgun and use of that handgun at a homemade firing range in his basement in 1997 and 1998 is denied without prejudice to an adequate demonstration of admissibility at trial, but outside the presence of the jury.

### ii.    *Possession of a sawed-off shotgun in 2014*

In a similar vein is evidence that Robbins possessed a sawed-off shotgun in 2014, within the timeframe of the charged offenses, including evidence from witnesses who saw him with it, saw it in his house, or saw him shooting it outside of his house. The prosecution argues that such evidence is "plainly" relevant to the contested issue of Robbins's possession of the Kimber firearm charged in the Second Superseding Indictment, because it is "highly probative" of intent, knowledge, identity, and lack of mistake. Robbins argues that evidence of possession of a different type of firearm, a sawed-off shotgun rather than a handgun, is less probative and more prejudicial. He argues that this is particularly true when a sawed-off shotgun is understood to be a highly dangerous offensive weapon, because it can cause a large amount of damage over a larger area than a bullet from a handgun, and possession of such a weapon would be illegal for almost everyone.

Again, I find the prosecution's explanation of why this evidence should be admitted to be too conclusory to satisfy the requirements of Rule 404(b) as clarified in *Turner*, ___ F.3d at ___, 2015 WL 1222274 at *9-*10. This is particularly true, as Robbins argues, where the weapon is dissimilar to the firearm at issue in the charged offenses and it is a weapon generally recognized as a highly dangerous, offensive weapon that it is illegal for almost everyone to possess. The prosecution's request to admit evidence of Robbins's possession of a sawed-off shotgun in 2014 is denied without prejudice to an adequate

demonstration of admissibility at trial, but outside the presence of the jury. Such evidence will only be admissible, if at all, if two conditions are met. First, the prosecution must articulate an adequate basis for admitting the evidence, demonstrating *how* the evidence serves a permissible purpose under Rule 404(b). *See id.* Second, to limit any undue prejudice, any references to or arguments about this evidence must describe the weapon in Robbins's possession as a "firearm," not as a "sawed-off shotgun," and any pertinent witnesses must be warned accordingly. *See Lemon*, 239 F.3d at 972 (holding that the district court properly limited evidence to the relevant aspect and properly excluded the aspect that might have prejudicially diverted the jury's attention from the relevant issues).

### iii.     *Evidence relating to J.B.*

The prosecution seeks admission of all of the evidence relating to Robbins's purchase of methamphetamine from J.B., Robbins's robbery of methamphetamine and cash from J.B., and Robbins's alleged murder of J.B. on May 30 or 31, 2014. The prosecution argues that this evidence, from the same period during which Robbins was allegedly an illegal drug user in possession of a firearm, is direct evidence of Robbins being an unlawful drug user and that the plan to rob and kill J.B. provides a motive for Robbins's possession of a firearm. The prosecution states that it recognizes the danger of unfair prejudice to Robbins that could arise from the admission of evidence that he was involved in a drug-related murder. To address that prejudice issue, the prosecution proposes that its evidence be limited to the drug buy from J.B. and use of that methamphetamine by Robbins and his associates, Robbins's arrangement to rob J.B. of more methamphetamine at Robbins's house, and testimony that Robbins was seen in possession of a sawed-off shotgun when J.B. was at Robbins's house that night. The prosecution also asserts that evidence that Robbins cleaned out his rental house and burned the carpet and other furnishings is relevant to show why the law enforcement officers did not recover other evidence of firearm or drug possession from Robbins's

23

house during the search a few days later. As to J.B.'s disappearance, the prosecution proposes that the jurors only be told that J.B. is "not available" as a witness. The prosecution represents that it does not intend to introduce testimony regarding the shooting of J.B. or even testimony from witnesses who heard the gunshot.

Robbins objects to any evidence regarding the purchase of methamphetamine from J.B., the attempted robbery of J.B., or the alleged murder of J.B. as far more prejudicial than probative and as cumulative of other evidence. More specifically, Robbins argues that injecting evidence of a violent felony allegedly involving a different firearm from the one that he is charged with possessing is prejudicial, not least because it would distract and confuse the jurors. Robbins argues that allowing any evidence relating to J.B. risks inadvertent disclosure by a witness of the alleged robbery and murder, which would result in an immediate motion for a mistrial. Robbins also represents that he will stipulate that he was a drug user during the timeframe at issue, so that the evidence of his purchase of methamphetamine from J.B. becomes unnecessary and cumulative. Robbins also argues that any evidence that Robbins possessed a sawed-off shotgun during events involving J.B. is cumulative of other evidence of his possession of such a firearm.

In reply, the prosecution asserts that evidence of the purchase and robbery of methamphetamine from J.B. is relevant and not unduly prejudicial, because it ties Robbins to drug use and possession during the precise timeframe alleged in **Count II**. The prosecution also argues that evidence of the plan to rob J.B. is relevant to show Robbins's motive for possessing a firearm.

The evidence of the purchase of methamphetamine from J.B. during the timeframe alleged in **Count II** is plainly relevant to whether or not Robbins was an unlawful user of methamphetamine during that timeframe. Such evidence tends to show that Robbins was, indeed, an unlawful user of methamphetamine during the precise timeframe charged in the Second Superseding Indictment. *See* FED. R. EVID. 404(b); *Turner*, ___ F.3d at

___, 2015 WL 1222274 at *9-*10. Such evidence is not made unduly prejudicial by Robbins's offer to stipulate that he was a drug user during that time. *See also Old Chief v. United States*, 519 U.S. 172, 186-87 (1997) (explaining that, when evidence of a "bad act" is offered for a valid Rule 404(b) purpose, a defendant's willingness to stipulate to the "bad act" does not make the evidence inadmissible, but the general rule is that "the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it.").

Quite different issues arise as to the further evidence that Robbins planned to and allegedly did rob and kill J.B. and used or carried a sawed-off shotgun while doing so. Such evidence has relatively little probative value. First, the plan to rob J.B. of more methamphetamine and cash provides relatively little evidence of illegal drug *use*, and is highly prejudicial, because it invites the jury to convict Robbins of the charged offenses on the improper basis of evidence of an alleged, but uncharged robbery. FED. R. EVID. 404(b); *Turner*, ___ F.3d at ___, 2015 WL 1222274 at *9-*10; FED. R. CIV. P. 403 and Advisory Committee Notes (explaining that prejudice outweighs probative value if the evidence invites a decision on an "improper basis"); *Batiste–Davis*, 526 F.3d at 380 (noting that one requirement for admissibility of "bad acts" evidence under Rule 404(b)— "whether the probative value exceeds the unfair prejudice"—is "an analysis equivalent to that in Rule 403"); *Bell*, 761 F.3d at 912 (describing prejudicial evidence as inviting a decision on an "improper basis"). The potential for prejudice from the alleged robbery is only increased by the fact that the firearm allegedly used in that offense *is not* the firearm allegedly illegally possessed in the charged offenses. *Id.* The probative value evidence of an alleged murder is even less, and the potential for prejudice even higher, because murder is not a charged offense, and it allegedly involved a *different* firearm from the one involved in the charged offenses. *Id.* The prosecution's suggestion that

25

this evidence is relevant to show Robbins's motive in possessing a firearm does not withstand scrutiny, where this incident involved a *different* firearm. Thus, evidence relating to J.B. must be much more circumscribed than the prosecution suggests, that is, it must be limited to the first purchase of methamphetamine from J.B. on or about May 30, 2014.

To this limited extent, the Prosecution's Evidentiary Motion is granted as to evidence relating to J.B.

### iv. *Evidence of flight*

The prosecution seeks to admit evidence that, shortly after the search of the residence where he and one of his girlfriends, D.B., were staying, Robbins fled to Texas and then to Florida. The prosecution contends that it can establish the necessary chain of inferences from flight to consciousness of guilt to make such evidence admissible. This is so, the prosecution contends, because, at the time of his flight, Robbins was aware that officers had discovered a loaded firearm, which it was illegal for him to possess, and Robbins had asked a girlfriend to send him his passport, suggesting that the purpose of his flight was to evade law enforcement officers. The prosecution also argues that Robbins knew that he was or soon would be a suspect in the April 2014 burglary.[2] Robbins represents that he does not intend to object to evidence of his alleged flight, except possibly on hearsay or other grounds unrelated to relevance or prejudice. He asserts that the real question, however, is whether or not this evidence will justify a jury instruction on flight, which he contends that the court will not be able to answer until after hearing the relevant evidence.

---

[2] The prosecution also argues that Robbins was aware that he was or likely soon would be a suspect in J.B.'s murder, but I have already excluded evidence related to the alleged robbery and murder of J.B.

26

"'A flight instruction may be given when such an instruction is warranted by the evidence presented at trial.'" *United States v. El-Alamin*, 574 F.3d 915, 927 (8th Cir. 2009) (quoting *United States v. Webster*, 442 F.3d 1065, 1067 (8th Cir. 2006)). Evidence that a defendant might have other reasons for flight than consciousness of guilt does not make such evidence inadmissible or a "consciousness of guilt" instruction concerning flight inappropriate. *Id.*; *Webster*, 442 F.3d at 1067; *accord United States v. Orozco*, 700 F.3d 1176, 1179 (8th Cir. 2012). Whether evidence of flight shows consciousness of guilt, however, does depend upon "the degree of confidence with which four inferences can be drawn" from that evidence. *United States v. Thompson*, 690 F.3d 977, 991 (8th Cir. 2012):

> (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged.

*Thompson*, 690 F.3d at 991 (quoting *United States v. Hankins*, 931 F.2d 1256, 1261 (8th Cir. 1991)). As Robbins suggests, I believe that it is appropriate to wait until I have heard the evidence of flight at trial to determine whether an instruction concerning consciousness of guilt from flight should be given in this case. Therefore, I will allow the prosecution's evidence of "flight," but I will give an instruction on inferences that may be drawn from flight, if at all, only as a supplemental instruction after all of the evidence is submitted.

### v.    *Evidence relating to Robbins's arrest*

The prosecution seeks to admit limited evidence concerning Robbins's arrest in Florida—specifically, that at the time of Robbins's arrest, law enforcement officers found a marijuana pipe and a purple glass bowl—allegedly a smoking device—containing powdery residue consistent with methamphetamine in Robbins's car. The prosecution

27

argues that this evidence is relevant to Robbins's drug use during the timeframe alleged in the charged offenses and not unduly prejudicial. The prosecution states that it recognizes the potential for unfair prejudice of evidence that, at the time of Robbins's arrest, law enforcement officers were responding to a domestic abuse call and evidence that he was holding a hatchet. Consequently, the prosecution does not assert that the reason for the call or the fact that Robbins was found with a hatchet at the time of his arrest are admissible. The prosecution does reserve the right to offer evidence that Robbins had assaulted his Florida girlfriend, D.A., on other occasions, if she testifies at trial, on the ground that such evidence goes to D.A.'s credibility. Robbins asserts that his possession of drug paraphernalia at the time of his arrest is cumulative of other evidence of his use of controlled substances during the relevant timeframe and his stipulation that he was a drug user during that time period. He points out that his arrest was outside of the timeframe for alleged drug use in **Count II**.

I conclude that evidence of Robbins's drug use—that is, possession of drug paraphernalia—at the time of his arrest is probative of his drug use and not unfairly prejudicial, even though it occurred at a time outside of the timeframe of illegal drug use alleged in **Count II**. It is relevant, in that it shows use of the same drugs that Robbins is charged with using close in time to the timeframe charged; Robbins's drug use is squarely at issue as an element of a charged offense, so that this evidence is not unduly prejudicial; the evidence appears to be sufficient, and Robbins does not argue otherwise; and neither the time of the possession (after the charged timeframe) nor the fact that Robbins is willing to stipulate to his drug use makes the evidence unduly prejudicial. *See* FED. R. EVID. 404(b); *Turner*, ___ F.3d at ___, 2015 WL 1222274 at *9-*10 (stating relevant factors); *McGilberry*, 620 F.3d at 886 ("'[T]he terms of Rule 404(b) draw no distinction between prior and subsequent acts that would support different analyses, . . . nor have we applied different analyses to evaluate the admission of prior and subsequent acts.'"

28

(quoting *Thomas*, 593 F.3d at 759)); *Old Chief*, 519 U.S. at 186-87 (explaining that, when evidence of a "bad act" is offered for a valid Rule 404(b) purpose, a defendant's willingness to stipulate to the "bad act" does not make the evidence inadmissible, but the general rule is that "the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it.").

Thus, the prosecution's request to admit evidence of Robbins's arrest, limited to the fact of his arrest and the evidence of drug paraphernalia found in his possession at the time of his arrest, is granted.

### 3. *Rule 609 evidence*

The prosecution asserts that evidence of all eight prior convictions listed in **Count II** of the Second Superseding Indictment is admissible pursuant to Rule 609, if Robbins testifies. At this time, Robbins represents that he will not testify at his trial. The prosecution does not represent that Robbins's prior convictions, with the exception of his February 10, 1995, convictions, are admissible for any other reason, if Robbins does not testify. Therefore, this portion of the Prosecution's Evidentiary Motion is denied as premature. To provide the parties with some guidance, if Robbins should decide to testify after all, it appears to me that, with the exception of the February 10, 1995, convictions, the impeachment value of Robbins's prior convictions that is not unduly prejudicial is that they are for "felonies," not that they are felonies involving any particular criminal conduct. *Cf. United States v. Chauncey*, 420 F.3d 864, 874 (8th Cir. 2005) (pointing out that, in a drug case, the probative value of a prior drug felony for Rule 609 purposes related to commission of a felony, not to the nature of the felony).

### III.    CONCLUSION

Upon the foregoing, the prosecution's February 13, 2015, Rule 404(b) And 609(b)(2) Notice And Motion In Limine For Evidentiary Rulings (Prosecution's Evidentiary Motion) (docket no. 32) is **granted in part and denied in part**, as explained in detail, above.

IT IS FURTHER ORDERED that, to avoid exposure of potential jurors to information about excluded evidence, this ruling shall be sealed until ten days after completion of trial or any guilty plea, unless a party files a motion within that ten-day period showing good cause why the ruling should remain sealed.

**IT IS SO ORDERED**.

**DATED** this 2nd day of April, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA