# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 14-129-MWB |
| vs. | |
| MATTHEW ROBBINS, | MEMORANDUM OPINION AND ORDER REGARDING SUBMISSION OF ALTERNATIVES FOR 18 U.S.C. § 922(g) OFFENSE |
| Defendant. | |

_____

In a Third Superseding Indictment (docket no. 66), defendant Matthew Robbins is charged with two firearms offenses. **Count 1** charges Robbins with possession of a stolen firearm and ammunition, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). **Count 2** charges Robbins with being a drug user and felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and (g)(3) and 924(a)(2). Prior to a jury trial, set to begin April 20, 2015, Robbins stipulated that he has one or more prior felony convictions and that the firearm and ammunition charged in **Count 2** were transported across state lines, if he did, indeed, possess any of them. Thus, the disputed elements of the § 922(g) offense are whether, at the relevant time, Robbins was a drug user, as well as a felon, and whether he knowingly possessed the firearm or ammunition alleged in **Count 2**. *See* 18 U.S.C. § 922(g)(1) and (g)(3); 8th Cir. Criminal Model No. 6.18.922A.

In an e-mail, dated April 8, 2014, I advised the parties that, because Robbins had stipulated that he is a felon, I believed that it was totally unnecessary to instruct on a second way in which he could be convicted on the § 922(g) charge, that is, as a drug user in possession of a firearm. I also stated that I doubted that I would actually instruct on

the "drug user" alternative, unless the prosecution could convince me that it was error not to do so. The prosecution responded that Robbins was charged, and should be tried, on the charges brought by the grand jury, and that it is improper to require the prosecution to elect one theory of prosecution, citing, *inter alia*, *United States v. Platter*, 514 F.3d 782 (8th Cir. 2008). In annotations to a revised set of draft jury instructions, I stated that, were I writing on a clean slate, I would hold that, where the defendant has stipulated that he is a felon, evidence of drug use is substantially prejudicial to the jury's determination of whether or not the defendant in fact possessed the firearm or ammunition in question, not just to whether or not he was a felon. *Compare Platter*, 514 F.3d at 788. Nevertheless, I found that the evidence of drug use in this case is not likely to be substantially more extensive or more prejudicial than the evidence of drug use in *Platter* and that this is not one of the "exceptional cases" in which it is appropriate to require the prosecution to choose one of the alternative statuses charged in this offense. *Id*. at 787. I now enter this written opinion to explain why I believe that *Platter*, which I felt constrained to follow, was wrongly decided.

In *Platter*, the defendant, like Robbins, was charged with being both a felon and a drug user in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and (g)(3). 514 F.3d at 784. As the court explained,

> [The defendant] stipulated that he was a convicted felon at the time he allegedly possessed a firearm illegally. At trial, the Government was allowed to prosecute [the defendant] under the theory that he was a felon in possession of a firearm, and alternatively, that he was a drug user in possession of a firearm. The jury found [the defendant] guilty of violating § 922(g) under both theories of criminal liability. . . .

*Platter*, 514 F.3d at 785. As the court also explained,

> [T]he district court recognized that charging [the defendant] with two violations of § 922(g) for one act of

> possession improperly exposed [him] to multiplicitous counts. Consistent with *[United States v.] Richardson*, [439 F.3d 421 (8th Cir. 2006) (*en banc*),] the district court merged the count charging [the defendant] with being a felon in possession with the count charging [him] with being a drug user in possession. [The defendant] was then convicted and punished for a single violation of § 922(g), even though the jury found [him] guilty under both theories of criminal liability. The district court's actions are consistent with *Richardson*, and, as a result of the district court's corrective action, [the defendant] was in no way exposed to or convicted of multiplicitous counts.

*Platter*, 514 F.3d at 786. On appeal, the defendant "focus[ed] his challenge on the district court's remedy for the multiplicitous indictment," arguing that the district court should have "compell[ed] the Government to elect one theory of prosecution under § 922(g), and prevent[ed] the Government from introducing evidence under both theories." *Id*. He argued that "the district court's failure to do so resulted in the introduction of prejudicial, and otherwise inadmissible evidence, which denied him a fair trial." *Id*.

The prosecution is correct that, in *Platter*, the Eighth Circuit Court of Appeals upheld the district court's refusals to require the government "to elect one theory of prosecution," largely because of the government's "broad discretion in carrying out criminal prosecutions" and because of "[Federal Rule of Criminal Procedure] 7(c)(1)'s express approval of the government's prosecution of one offense using alternative theories of liability." 514 F.3d at 797. What the prosecution neglected to point out, here, is that the court in *Platter* also observed,

> In *Brennan [v. United States*, 240 F.2d 253 (8th Cir.), *cert. denied*, 353 U.S. 931 (1957),] this court recognized that the district court has discretion to require the government to elect between multiple counts of an indictment. 240 F.2d at 261 ("[T]he motion [to require the government to elect between counts I and II of the indictment] was addressed to the sound

> judicial discretion of the court ...."); *see also United States v. Webber*, 255 F.3d 523, 527 (8th Cir.2001) ("[I]n a rare case [the] risk [of a prejudicial compromise verdict] might justify requiring the government to elect among or consolidate counts at trial...."); *United States v. Johnson*, 130 F.3d 1420, 1426 (10th Cir.1997) ("A decision of whether to require the prosecution to elect between multiplicitous counts before trial is within the discretion of the trial court."), *cert. denied*, 525 U.S. 829, 119 S.Ct. 78, 142 L.Ed.2d 61 (1998).

*Platter*, 514 F.3d at 786. Thus, *Platter* does not stand for the proposition that the district court *cannot* require the prosecution to elect between alternative theories of liability on a single charge in order to avoid multiplicitous convictions or prejudicial evidence.

On the other hand, the court in *Platter* read *Richardson* as implicitly determining that "the Government's intention to present evidence that a defendant is both a felon and a drug user in possession of a firearm does not, standing alone, require the Government to elect one theory of illegal possession under the statute." *Id*. at 787. The court then established a "test" or "standard" for determining whether or not the district court should force the prosecution to elect one alternative theory of liability, as follows:

> [W]hether the district court abused its discretion by declining to require election must be reviewed on a case-by-case basis. Here, [the defendant] makes no showing that the circumstances of this case are exceptional in comparison to other cases in which federal courts have permitted prosecution for one count under two theories under similar circumstances. Moreover, [the defendant] directs us to no similar case in which this court has held that the district court abused its discretion by failing to require the government to elect one theory of prosecution.

*Platter*, 514 F.3d at 787.

I do not take issue with the court's conclusion in *Platter* that whether or not a district court should require the prosecution to elect between two theories of liability for

4

a criminal offense should be decided on a "case-by-case basis." *Id*. On the other hand, I am troubled by that court's conclusion that a district court should only do so if "the circumstances of th[e] case are exceptional." *Id*. I am still more troubled by that court's conclusion that the defendant in the case before it "was not prejudiced by the government's presentation of both firearm-possession theories to the jury," *id*., and, presumably, a defendant in similar circumstances, like Robbins, would not be prejudiced, either.

In *Platter*, the court recognized "that theoretically the prosecution of a defendant under alternative theories of guilt may result in the admissibility of otherwise inadmissible [Rule] 404(b) evidence." *Id*. at 788. The court gave this "theoretical" concern very short shrift, however:

> [T]his potential for prejudice is inherent in most prosecutions relying on multiple theories of guilt, a practice approved by Rule 7. And here, any such prejudice was negligible. [The defendant] was hardly prejudiced by evidence that he was a felon. [The defendant] stipulated to this fact, and the Government merely read the stipulation into the record. [The defendant]'s stipulation is nondescript and includes no information regarding his prior felony offense. Likewise, the evidence that [the defendant] was a drug user resulted in minimal prejudice. The evidence that [the defendant] was a drug user could have had no effect on the jury's finding that [the defendant] was a felon because [the defendant] agreed to his status as a felon. And insofar as [the defendant] argues that this evidence led the jury to reason that it was more likely that he possessed a firearm, this argument is without merit. In every prosecution under § 922(g), even when only one theory is put forth, the jury will be presented with evidence of the defendant's disqualifying status, which risks the same inference on which [the defendant] urges this court to grant him a new trial.

5

> Further, our conclusion that [the defendant] was not prejudiced by the Government's introduction of evidence under both theories is supported by the strength of the evidence. *See [United States v.] Chipps*, 410 F.3d [438,] 449 [(8th Cir. 2005)] (rejecting Chipps's argument that multiplicitous counts tainted the jury's deliberations, finding that the district court's instructions to consider each count separately together with the strong evidence of guilt on the valid counts, limited any prejudice to Chipps such that a new trial was not warranted). Inside [the defendant]'s living quarters, which included [the defendant]'s personal belongings, officers discovered a substantial amount of drug paraphernalia and a bag of marijuana in a roll-away chest that was close to the davenport on which [the defendant] slept. Similarly, the officers discovered the shotgun hidden inside the wardrobe that contained [the defendant]'s clothes. *See, e.g., United States v. Abdul–Aziz*, 486 F.3d 471, 477 (8th Cir.2007) ("Constructive possession of the firearm is established if the person has dominion over the premises where the firearm is located…. Constructive possession can also be established by a showing that the firearm was seized at the defendant's residence." (internal marks and citation omitted)). The strength of this evidence minimizes the risk of any prejudice to [the defendant].

*Platter*, 514 F.3d at 788.

It is immediately apparent that the court in *Platter* did not perform a complete Rule 404(b) analysis of the evidence of the second alternative for liability on the charged § 922(g) offense, where the defendant had stipulated to the first alternative. Even when *Platter* was decided, the basic obligation of the court under Rule 404(b) was to consider *both* the "probative value" or "relevance" of the evidence for a proper Rule 404(b) purpose and its "potential for prejudice." *See, e.g., United States v. Hessman*, 493 F.3d

977, 983 (8th Cir. 2007); FED. R. EVID. 404(b).[1]  Indeed, I find that it is often the case that the determinative factor for admissibility of evidence pursuant to Rule 404(b) is the balancing of probative value against potential prejudice.  In *Platter*, however, consideration of the probative value of the evidence for a proper Rule 404(b) purpose is totally absent from the court's consideration of the admissibility of evidence pertaining to a second alternative theory for a charged offense, when the defendant had stipulated to one alternative.  Instead, the court in *Platter* simply considered "prejudice" without reference to "probative value."  *See* 514 F.3d at 788.

Because the court in *Platter* never considered the "probative value" of evidence of a second "disqualifying status," being a drug user, where the defendant had admitted or stipulated to one "disqualifying status," being a felon, the court also never considered whether evidence of the second "disqualifying status" was being offered merely to show the defendant's propensity for criminal activity or for a proper Rule 404(b) purpose.  *See* FED. R. EVID. 404(a) (barring "bad acts" evidence merely to show "propensity"); FED. R. EVID. 404(b) (allowing "bad acts" evidence if it is probative of a proper purpose, such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident).[2]  Here (and in *Platter*), evidence of drug use by the

---

[1] Of course, other factors were also relevant. *See, e.g., United States v. Brown*, 499 F.3d 817, 822 (8th Cir. 2007) ("[W]hen determining the admissibility of Rule 404(b) evidence, courts consider the following:  whether the evidence is relevant, similar in kind and close in time to the crime charged, proven by a preponderance of the evidence, and not unfairly prejudicial." (citing *United States v. Thomas*, 398 F.3d 1058, 1062 (8th Cir. 2005)); *accord United States v. Turner*, ___ F.3d ___, ___, 2015 WL 1222274, *9 (8th Cir. March 18, 2015) (identifying the same four factors years after *Platter* was decided).

[2] Certainly, the Rule 404(b) analysis in *Platter* did not consider what the Eighth Circuit Court of Appeals recently clarified to be the necessary showing for admissibility

7

of "bad acts" evidence pursuant to Rule 404(b) in *United States v. Turner*, ___ F.3d ___, ___, 2015 WL 1222274 (8th Cir. March 18, 2015).

> [T]he government, as the proponent of the evidence, must be prepared to show a permissible purpose for admission of the prior conviction. . . . Simply asserting—without explanation—that the conviction is relevant to a material issue such as intent or knowledge is not enough to establish its admissibility under the Federal Rules. *See United States v. Mothershed*, 859 F.2d 585, 589 (8th Cir.1988) ("We consider 404(b) a rule of inclusion…. But this does not mean that all such evidence is admissible simply on invocation of the Rule." (quotation and internal citation omitted)); *United States v. Miller*, 673 F.3d 688, 696 (7th Cir.2012) ("Rule 404(b) does not provide a rule of automatic admission whenever bad acts evidence can be plausibly linked to 'another purpose,' such as knowledge or intent, listed in the rule."). Even under an inclusive view of Rule 404(b), a prior conviction is admissible only if certain requirements are met: It must be relevant in the particular case and it cannot be impermissible propensity evidence. *See* Rule 404(b)(1), (2) (providing that evidence of prior bad acts "may be admissible for another purpose," but it is "not admissible" to prove criminal propensity); *see also Old Chief v. United States*, 519 U.S. 172, 181, 117 S.Ct. 644, 136 L.Ed.2d 574 ("'Although … propensity evidence is relevant, the risk that a jury will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment—creates a prejudicial effect that outweighs ordinary relevance.'" (quoting *United States v. Moccia*, 681 F.2d 61, 63 (1st Cir.1982) (Breyer, J.)) (internal quotation marks omitted)); *Miller*, 673 F.3d at 697 (explaining that trial judges "must balance the relevance of the proposed use of the evidence … against the high risk that

defendant does nothing to demonstrate the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident as they relate either to his status as a felon or to his possession of a firearm. The well-recognized relationship between drug *trafficking* and guns simply does not demonstrate the relevance of evidence of mere drug use to possession of a firearm. Thus, what purpose, other than criminal propensity, would evidence of a second "disqualifying status" have, if the defendant has stipulated to one "disqualifying status"? The court in *Platter* did not even

> the evidence will also … [establish] propensity to commit the charged crime").
>
> Before evidence of a prior conviction is admitted, the district court should ask why the government seeks to admit it. . . . If the only answer to th[is] question[ ] is that his prior conviction (i.e., wrongdoing) shows he intended to commit another wrongdoing (i.e., the [charged conduct]), then the evidence shows nothing more than criminal propensity and under Rule 404(b)(1) is inadmissible. *See Mothershed*, 859 F.2d at 589. If, on the other hand, the government offers a relevant, non-propensity purpose for the evidence, the court should then determine whether admission of that evidence is nevertheless substantially more prejudicial than probative. Only if these types of questions are asked, and adequately answered, can the district court determine whether evidence of prior bad acts, including prior convictions in drug cases, may be admitted pursuant to Rule 404(b) or whether it must be excluded because it is offered solely to prove criminal propensity or is substantially more prejudicial than probative. *See [United States v.] Pierson*, 544 F.3d [933,] 940 [(8th Cir.2008)]; Fed.R.Evid. 403.

*Turner*, ___ F.3d at ___, 2015 WL 1222274 at *10.

9

attempt to answer that question. I am at a loss to answer that question as to Robbins's § 922(g) charge.

I recognize that evidence of a particular instance on which the defendant possessed a firearm may be intertwined with or incidentally include evidence that the defendant was using drugs at the same time. That possibility does not make the evidence of drug use admissible on a § 922(g) charge, however, where the defendant has stipulated to prior felony convictions. Rather, the Eighth Circuit Court of Appeals has recognized that limiting the amount of evidence, while excluding evidence that might prejudicially divert the jury's attention from the issues in the case, mitigates any potential for unfair prejudice. *See United States v. Lemon*, 239 F.3d 968, 972 (8th Cir. 2001) (holding that, where the district court admitted a limited amount of gang-related evidence that was relevant to the defendant's "mere presence" defense, but excluded evidence of his drive-by shooting conviction, which might have prejudicially diverted the jury's attention from the constructive possession issues central to the case, the district court had not abused its discretion in admitting the limited gang-related evidence). Similarly, prejudicial (and irrelevant) evidence of drug use during an instance of possession of a firearm can be precluded, while admitting the relevant evidence of possession of the firearm.

In considering only "prejudice," without reference to "probative value," the court in *Platter* compounded its error by simply dismissing as "without merit" the defendant's argument that evidence of his drug use "led the jury to reason that it was more likely that he possessed a firearm." *Platter*, 514 F.3d at 788. The court explained, "In every prosecution under § 922(g), even when only one theory is put forth, the jury will be presented with evidence of the defendant's disqualifying status, which risks the same inference on which [the defendant] urges this court to grant him a new trial." *Id.* Thus, the court reasoned that, because the prosecution would have to present evidence of or a stipulation about at least one "disqualifying status," evidence of *another* "disqualifying

10

status" could not be prejudicial *to a determination of the "possession" element*. This reasoning seems to me to ignore the substantial prejudice from cumulative demonstrations of criminal conduct, which could invite the jurors to decide the question of firearm possession on the improper basis that the defendant was both a felon and a drug user, rather than on the basis of sufficient evidence of possession of a firearm. *See Myers*, 503 F.3d at 681 ("Rule 403 'does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to a party's case. The rule protects against evidence that is unfairly prejudicial, that is, if it tends to suggest decision on an improper basis.'" (quoting *Wade v. Haynes*, 663 F.2d 778, 783 (8th Cir. 1981), *aff'd sub nom. Smith v. Wade*, 461 U.S. 30 (1983))); FED. R. EVID. 403, Advisory Committee Notes (explaining that a decision on an "improper basis" is "commonly, though not necessarily, an emotional one").

Moreover, Rule 404(b) does not exclude prejudicial "bad acts" evidence only if the circumstances are "exceptional." *Compare id.* at 787 (considering whether the case was sufficiently "exceptional" to warrant requiring the prosecution to elect an alternative and to exclude evidence of the other alternative). Rather, as the Eighth Circuit Court of Appeals had already explained repeatedly at the time that *Platter* was decided, the question under Rule 404(b) is whether evidence that is probative or relevant for a permissible Rule 404(b) purpose is, nevertheless, substantially more prejudicial than probative. *See, e.g., Hessman*, 493 F.3d at 983 (explaining that Rule 404(b) requires a balancing of probative value and prejudice); FED. R. EVID. 404(b). There is nothing about a "substantially more prejudicial than probative" test that equates with "exceptional" circumstances, even where Rule 404(b) is considered "a rule of inclusion," because the proponent of the evidence must do more than simply invoke the rule to win admissibility of the evidence. *See, e.g., United States v. Mothershed*, 859 F.2d 585, 589 (8th Cir. 1988). Furthermore, the Rule 404(b) standard cannot be equated with an

11

"exception circumstances" standard, because, even when *Platter* was decided, district courts had "broad discretion" to assess the balance of probative value against unfair prejudice, *see United States v. Myers*, 503 F.3d 676, 681 (8th Cir. 2007), and an "exceptional circumstances" standard would seem to me to narrow substantially a district court's discretion.

Nevertheless, I am constrained to follow controlling precedent, even if I believe that it is bad precedent.

THEREFORE, my objections to the decision in *Platter* notwithstanding, I will submit to the jury both the "felon" and "drug user" alternatives for the § 922(g) offense charged in **Count 2** in this case.

**IT IS SO ORDERED**.

**DATED** this 15th day of April, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA