**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>MATTHEW ROBBINS,<br><br>   Defendant. | No. CR14-129-MWB<br><br>**ORDER CONCERNING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S RULE 11(c)(1)(C) GUILTY PLEA** |

_____

## *I. INTRODUCTION AND BACKGROUND*

On August 25, 2015, defendant Matthew Robbins was charged in a Fifth Superseding Indictment with possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count 1), possession of firearms and ammunition by a felon and unlawful drug user, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3), and 924(a)(2) (Count 2), possession of firearms by a felon and unlawful drug user, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3), and 924(a)(2) (Count 3), and possession of an unregistered sawed-off shotgun, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 (Count 4). On August 28, 2015, defendant appeared before Chief United States Magistrate Judge Jon S. Scoles and entered a plea of guilty to Count 3 of the Fifth Superseding Indictment, under a binding plea agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). In the plea agreement, the parties have stipulated that, if the court finds that defendant is an armed career criminal pursuant to 18 U.S.C. § 924(e)(1), defendant will be sentenced to 15 years imprisonment, or, if the court finds that defendant is not an armed career criminal pursuant to 18 U.S.C. § 924(e)(1), defendant will be sentenced to 10 years imprisonment. On the same day, Chief Judge Scoles filed a Report

and Recommendation in which he recommends that defendant's guilty plea be accepted. No objections to Chief Judge Scoles's Report and Recommendation were filed.[1] The court, therefore, undertakes the necessary review of Chief Judge Scoles's recommendation to accept defendant's plea in this case.

## II. ANALYSIS

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

---

[1] The parties have waived the fourteen day period in which to file objections to Chief Judge Scoles's Report and Recommendation.

2

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id*. If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, the court has reviewed the magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). Therefore, the court **accepts** Chief Judge Scoles's Report and Recommendation, and accepts defendant's plea of guilty in this case to Count 3 of the Fifth Superseding Indictment and agrees to be bound to the agreed upon sentence.

**IT IS SO ORDERED.**

**DATED** this 28th day of August, 2015.

                                                  MARK W. BENNETT
                                                  U. S. DISTRICT COURT JUDGE
                                                  NORTHERN DISTRICT OF IOWA